```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION

UNITED STATES OF AMERICA,       :
                                :
          PLAINTIFF,            :
                                :
     v.                         :   CIVIL ACTION NO. 2:06cv997-MEF
                                :
FIFTY FIVE THOUSAND FIVE        :
HUNDRED TWENTY SIX ($55,526)    :
DOLLARS IN UNITED STATES        :
CURRENCY,                       :
                                :
          DEFENDANT.            :
```

BRIEF AND MEMORANDUM OF LAW IN SUPPORT
OF THE UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby respectfully submits the following Brief and Memorandum of Law in Support of the United States' Motion for Summary Judgment:

PRELIMINARY STATEMENT

This action arose out of a seizure of the Defendant currency in June 2006, in the Middle District of Alabama. On November 2, 2006, the United States filed this civil forfeiture action against the Defendant currency, alleging that it is subject to forfeiture under Title 21, United States Code, Section 881(a)(6). The United States moves for summary judgment because there is no genuine issue of material fact requiring a trial regarding the forfeiture of the Defendant currency.

STATEMENT OF THE CASE

A.  Administrative and Judicial Civil Forfeiture Proceedings.

On August 15, 2006, Harold Beachem (Beachem) filed a claim for the Defendant currency with the Drug Enforcement Administration. No other claims were filed.

B.  Facts.

The United States adopts and alleges the facts as found in its Verified Complaint, Paragraph 5(a) through 5(d). These facts are sworn to and verified and the original verification is filed with this Court.

Verified Complaint for Forfeiture In Rem. Paragraph numbers 5(a) through 5(d), as follows:

a. On June 7, 2006, the Chilton County Sheriff's Department received a complaint of minor children being under the influence of marijuana at Harold Beachem's residence. The Beachem residence is located at 2194 County Road 153, Jemison, Alabama.

b. Officers went to the Beachem residence on June 7, 2006, and knocked on the door. Beachem answered the door and, at that time, officers smelled a strong odor of burning marijuana. Officers asked if any children were in the residence. Beachem advised that children were in the residence and the children were smoking marijuana. At that time, the officer asked Beachem to sign a

"consent to search" form to search the residence. Beachem agreed and signed the consent.

c.   During the search, approximately one pound of marijuana and $55,526 in United States currency were located and seized.  Also seized was a set of scales known to be of the type used by drug dealers to weigh illegal drugs for sale.

d.   Officers advised Beachem of his rights.  Beachem waived his rights and stated that several people were inside his residence smoking marijuana when officers arrived. Beachem further stated that he does not sell marijuana but does provide it to people wanting to smoke marijuana at his residence.

ARGUMENT

SUMMARY JUDGMENT SHOULD BE GRANTED
BECAUSE THERE IS NO GENUINE ISSUE OF
MATERIAL FACT REQUIRING A TRIAL

A.   The Standard for Granting Summary Judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court should render summary judgment if it concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party seeking summary judgment bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,'

which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (quoting Rule 56(c)). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8, 106 S.Ct. 2505, 2510 (1986) (emphasis in original); See also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355-56 (1986).

Summary judgment is appropriate in civil forfeitures where this standard is met. See, e.g., United States v. One 1987 Mercedes Benz 300E, 820 F. Supp. 248 (E.D.Va. 1993) (granting summary judgment to government where there was no material issue of fact). Indeed, summary judgment may also be granted where claimant has asserted an innocent owner defense. See, e.g., United States v. One Parcel of Property Located at 755 Forest Road, 985 F.2d 70 (2d Cir. 1993) (rejecting innocent owner defense and affirming summary judgment granted against wife of target of narcotics investigation where narcotics and drug paraphernalia had been found in their shared bedroom); United States v. Property Located at 15 Black Ledge Drive, 897 F.2d 97, 103 (2d Cir. 1990) (rejecting a wife's claim of no knowledge and affirming summary judgment); see also United States v. Premises Known as 717 South Woodward Street, 2 F.3d 529, 533 (3d Cir. 1993) ("It is clear that a claimant's bare

denial of knowledge or consent may be insufficient to withstand summary judgment in a forfeiture case.").

Whether there is a genuine issue of fact for trial depends on the substantive law of the underlying case and the evidentiary burdens that law places on each party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 252-56 (noting that "the judge must view the evidence presented through the prism of the substantive evidentiary burden"); United States v. One Parcel of Real Property, 904 F.2d 487, 490 (9th Cir. 1990); Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Thus, in the instant case, the summary judgment rules must be "'construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein.'" United States v. One 56-Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir. 1983) (quoting United States v. One 1975 Mercedes 280S, 590 F.2d 196, 199 (6th Cir.1978)).

The Court of Appeals for the Eleventh Circuit noted as follows:
> Under Fed.R.Civ.P 56(c), a district court should award summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The substantive law applicable to the case identifies which facts are material. A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

\*   \*   \*   \*   \*

> The moving party bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  When the nonmoving party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other similar material negating the opponent's claim," in order to discharge this "initial responsibility."  Instead, the moving party simply may "`show[]'-- that is, point[] out to the district court -- that there is a absence of evidence to support the nonmoving party's case."  Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.  If the moving party shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial.  If the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.  (Cites omitted).

United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-1438 (11th Cir. 1991).

    B.    Burden of Proof.

Title 18, United States Code, Section 983 requires the United States to establish, by a preponderance, that the Defendant property is forfeitable.

    C.    The Evidence Establishes That The Defendant Currency Is Forfeitable.

In determining whether property is forfeitable, the United States is entitled to rely on evidence gathered after the Complaint was filed. Title 18, United States Code, Section

983(c)(2) ("the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture").

The facts as set forth in the statement of the case clearly establish that the Defendant currency is subject to forfeiture.

Additionally, Beachem asserted his Fifth Amendment rights to questions posed during his deposition. (Attached). The Court may take a negative inference from these assertions as identified below.

<u>Page 8, Lines 21-23 and Page 9, Lines 1-2.</u> Beachem was present in his residence on June 7, 2006.

<u>Page 9, Lines 3-5</u>. Marijuana was present in Beachem's residence on that day.

<u>Page 9, Lines 6-8</u>. Beachem distributed marijuana to individuals within his residence on that day.

<u>Page 9, Lines 9-12</u>. Drug paraphernalia, of a type used to smoke marijuana was present in Beachem's residence on that day.

<u>Page 9, Lines 13-15</u>. Children were present in Beachem's residence on that day.

<u>Page 9, Lines 16-19</u>. The Defendant currency, $55,526, was in the residence on that day.

<u>Page 9, Lines 20-23. Page 10, Line 1</u>. The Defendant currency, $55,526, was earned through the sale, distribution or transfer of marijuana.

<u>Page 10, Lines 2-5</u>. There is no legitimate source for the Defendant currency, $55,526.

<u>Page 10, Lines 6-9</u>. Before June 7, 2006, Beachem possessed marijuana at his residence.

   <u>Page 10, Lines 10-13</u>.  Before June 7, 2006, Beachem distributed marijuana at his residence.

   <u>Page 10, Lines 14-17</u>.  Before June 7, 2006, Beachem obtained money through the distribution of marijuana.

 D. <u>No Requirement To Trace The Defendant Currency To A Specific Offense</u>.

  In a civil forfeiture case based upon drug trafficking, the United States does not have to trace a relationship between the property and a particular drug transaction.  See <u>United States v. $242,484.00</u>, 389 F.3d 1149, 1160 (11th Cir. 2004)(*en banc*).

 E. <u>The Verified Complaint Shows That The Defendant Currency Is Subject To Forfeiture</u>.

  The amount of currency seized, the marijuana and drug scales seized in the residence where the currency was found, Beachem's admission that children were smoking marijuana in the residence where the currency was found, and Beachem's admission that he provides marijuana to others at the residence where the currency was found provides strong evidence of a substantial connection between illegal drug dealing and the seized currency.  <u>See</u> <u>United States v. $22,991, More or Less in U.S. Currency</u>, 227 F.Supp.2d 1120, 1232-1235 (S.D. Ala. 2002).

 F. <u>The Trier Of Fact May Take A Negative Inference From Assertion Of A Claimant's Rights Under the Fifth Amendment</u>.

  The Fifth Amendment privilege may be asserted in a civil forfeiture action.  <u>United States v. United States Coin and Currency</u>, 401 U.S. 715, 716 (1971).  However, an adverse inference may be drawn against a party in a civil action who refused to

answer questions by invoking the Fifth Amendment privilege. <u>Baxter v. Palmigano</u>, 425 U.S. 308, 320 (1976).

Such a negative inference may be drawn in civil forfeiture proceedings. <u>See</u> <u>Arango v. United States Department of the Treasury</u>, 115 F.3d 902, 926 (11th Cir. 1997) (involving administrative forfeiture proceedings); <u>United States v. Two Parcels of Real Property</u>, 92 F.3d 1123, 1129 (11th Cir. 1996) (involving judicial civil forfeiture action).

G. <u>Summary</u>.

The Verified Complaint and the assertions by Beachem of his rights under the Fifth Amendment conclusively establish that the Defendant currency has a substantial connection to drug sales.

Beachem has not shown that there is any genuine issue regarding forfeiture of this currency.

## **CONCLUSION**

For all the reasons stated above, the Court should enter judgment in favor of the United States of America, forfeiting the Defendant property to the United States.

Respectfully submitted this 4th day of October, 2007.

                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Thomas B. Hanes.**

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney