IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | |
| v. | : | CIVIL ACTION NO. 2:06cv997-MEF |
| FIFTY FIVE THOUSAND FIVE HUNDRED TWENTY SIX ($55,526) DOLLARS IN UNITED STATES CURRENCY, | : | |
| DEFENDANT. | : | |

## MOTION TO STRIKE AFFIDAVIT

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and moves the Court to bar Claimant Harold Beachem (Claimant) from offering his affidavit in opposition to the United States' Motion for Summary Judgment and as grounds therefor states as follows:

1.  Claimant was deposed on August 22, 2007. During the deposition Claimant asserted his rights (under the Fifth Amendment to the United States Constitution) against self-incrimination as to all questions of substance. See attached copy of deposition.[1]

   2. "Claimant had a right to assert his Fifth Amendment privilege when asked to produce documents concerning his income. United States v. Two Parcels of Real Property Located in Russell County, Ala., 92 F.3d 1123, 1129 (11th Cir.

---

[1] The United States does not seek to strike the search warrant inventory, the incident/offense report, the permission to search form, and the adult rights waiver form submitted by Claimant in his response.

> 1996)(citations omitted). It is well-accepted that a witness' direct testimony can be stricken if she [or he] invokes the fifth amendment on cross-examination to shield that testimony from scrutiny." <u>United States v. Two Parcels Property Located at 2730 Highway 31 Jemison, Chilton County, Ala.</u>, 909 F.Supp. 1450, 1456 (M.D.Ala. 1995)(citations omitted)." "A party who asserts the privilege may not convert [it] from the shield against compulsory self-incrimination which it was intended to be into a sword..." <u>Arango v. U.S. Dept. of the Treasury</u>, 115 F.3d 922, 926 (11th Cir. 1997)(quoting <u>United States v. Rylander</u>, 460 U.S. 752, 758-59, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983); <u>see also United States v. $110,873.00 in United States Currency</u>, 2004 U.S. Dist. LEXIS 28891, 2004 WL 2359726 (N.D.Ohio Oct. 6, 2004)("Once invoked in response to a discovery request, a forfeiture claimant cannot testify at trial or oppose the government's motion for summary judgment through affidavits." (citation omitted); <u>Pedrina v. Chun</u>, 906 F.Supp. 1377, 1398 (D.Hawaii 1995), aff'd. 97 F.3d 1296 (9th Cir. 1996), <u>cert denied</u>, 520 U.S. 1968, 1175 S.Ct. 2441, 138 L.Ed.2d 201 (1997)("Defendants may not rely on their own testimony or affidavits to support their version of a disputed issue where they have asserted their Fifth Amendment right not to answer questions concerning that very same issue." (citation omitted); <u>United States v. Sixty Thousand Dollars ($60,000) in U.S. Currency</u>, 763 F.Supp. 909, 914 (E.D.Mich. 1991)("A defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial." (citation omitted).

<u>United States v. One 1991 Chevrolet Corvette</u>, 390 F.Supp.2d 1059, 1063-1064 (S.D.Ala. 2005).

3.  A Claimant who asserts his Fifth Amendment rights to avoid deposition cannot submit affidavits in opposition to a Motion for Summary Judgment. <u>United States v. $61,433.04</u>, 818 F.Supp.

135, 138 (E.D. N.C. 1993). Opinion vacated on other grounds. United States v. Taylor, 13 F.3d 786 (4th Cir. 1994).

    5.  Claimant should not be allowed to use this privilege as a sword to attack the United States' evidence when he did not allow the normal discovery process to proceed. The Court should strike his affidavit from the record.

    Respectfully submitted this 6th day of November, 2007.

                      FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY

                      /s/John T. Harmon
                      John T. Harmon
                      Assistant United States Attorney
                      Office of the United States Attorney
                      Middle District of Alabama
                      131 Clayton Street
                      Post Office Box 197
                      Montgomery, Alabama 36101-0197
                      Telephone:(334) 223-7280
                      Facsimile:(334) 223-7560
                      E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on 6th day of November, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Thomas B. Hanes.**

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney

```
 1          IN THE UNITED STATES DISTRICT COURT
 2          FOR THE MIDDLE DISTRICT OF ALABAMA
 3                   NORTHERN DIVISION
 4
 5   CIVIL ACTION NUMBER
 6   2:06CV997-MEF
 7
 8   UNITED STATES OF AMERICA,
 9            Plaintiff(s),
10   vs.
11   FIFTY FIVE THOUSAND FIVE
     HUNDRED TWENTY SIX ($55,526)
12   DOLLARS IN UNITED STATES CURRENCY,
13        Defendant(s).
14
15
16
17            DEPOSITION TESTIMONY OF:
18               HAROLD LEE BEACHEM
19
20
21   August 21, 2007
22   9:58 AM
23   SELAH M. DRYER, CSR
```



GOVERNMENT
EXHIBIT
A

ORIGINAL

```
 1              S T I P U L A T I O N
 2              IT IS STIPULATED AND AGREED by and
 3      between the parties through their respective
 4      counsel that the deposition of HAROLD LEE
 5      BEACHEM, may be taken before Selah M. Dryer,
 6      Notary Public, State at Large, at the law
 7      office(s) of United States Attorney, 131 Clayton
 8      Street, Montgomery, Alabama, on August 21, 2007,
 9      commencing at approximately 9:58 AM.
10              IT IS FURTHER STIPULATED AND AGREED
11      that the signature to and the reading of the
12      deposition by the witness is waived, the
13      deposition to have the same force and effect as
14      if full compliance had been had with all laws
15      and rules of Court relating to the taking of
16      depositions.
17              IT IS FURTHER STIPULATED AND AGREED
18      that it shall not be necessary for any
19      objections to be made by counsel to any
20      questions, except as to form or leading
21      questions, and that counsel for the parties may
22      make objections and assign grounds at the time
23      of trial or at the time said deposition is
```

```
 1   offered in evidence, or prior thereto.
 2           In accordance with Rule
 3   5(d) of the Alabama Rules of Civil Procedure, as
 4   amended, effective May 15, 1988, I, Selah M.
 5   Dryer, am hereby delivering to John Harmon, Esq.
 6   the original transcript of the oral testimony
 7   taken August 21, 2007, along with exhibits.
 8           Please be advised that this is the same
 9   and not retained by the Court Reporter, nor
10   filed with the Court.
11
12
13
14
15
16
17
18
19
20
21
22
23
```

```
                    I N D E X

EXAMINATION BY:                      PAGE NO.

Mr. Harmon                              7

Certificate                             11


                ***NO EXHIBITS MARKED***
```

```
 1              A P P E A R A N C E S
 2    FOR THE PLAINTIFF(S):
 3            Thomas B. Hanes, Esq.
 4            2121 Highland Avenue
 5            Birmingham, Alabama   35201
 6
 7
 8    FOR THE DEFENDANT(S):
 9            John T. Harmon,
10            Assistant United States Attorney
11            OFFICE OF THE UNITED STATES ATTORNEY
12            MIDDLE DISTRICT OF ALABAMA
13            131 Clayton Street
14            Montgomery, Alabama   36104
15
16
17
18
19
20
21
22
23
```

```
 1        I, Selah M. Dryer, a Notary Public for
 2   the State of Alabama at Large, acting as
 3   Commissioner, certify that on this date,
 4   pursuant to the Alabama Rules of Civil
 5   Procedure, and the foregoing stipulation of
 6   counsel, there came before me at the law
 7   office(s) of United States Attorney, 131 Clayton
 8   Street, Montgomery, Alabama, commencing at
 9   approximately 9:58 AM on August 21, 2007, HAROLD
10   LEE BEACHEM, witness in the above cause, for
11   oral examination, whereupon the following
12   proceedings were had:
13
14             HAROLD LEE BEACHEM,
15   being first duly sworn, was examined and
16   testified as follows:
17
18             COURT REPORTER:  Usual
19   stipulations?
20             MR. HARMON:  Yes.
21             MR. HANES:  Yes.
22
23
```

```
1   EXAMINATION BY MR. HARMON:
2        Q.    Will you state your name please
3   and spell your first and last name.
4        A.    Harold Beachem, H-A-R-O-L-D,
5   B-E-A-C-H-E-M.
6        Q.    Do you have a middle name?
7        A.    L.
8        Q.    And that stands for?
9        A.    Lee.
10       Q.    Harold Lee Beachem.  Where do you
11  live, Mr. Beachem?
12       A.    2194 County Road 153 Jemison,
13  Alabama 35085.
14       Q.    Mr. Beachem, are you the
15  individual who has filed a claim against fifty
16  five thousand five hundred and twenty-six
17  dollars in the court case number 2:06CV997-MEF?
18       A.    Yes, sir.
19       Q.    Mr. Beachem, I was discussing with
20  your attorney and I understand that you will be
21  taking the 5th Amendment.  And if it's okay with
22  counsel, you can just say you assert the 5th and
23  we will all understand that you are asserting
```

```
 1   your rights against self-incrimination under the
 2   5th Amendment to the United States Constitution.
 3              MR. HANES:  That's okay.  And
 4   if that's your desire, you will have to say
 5   that, I take the 5th, when questions are asked
 6   of you.
 7              THE DEPONENT:  Okay.
 8              MR. HARMON:  And if I ask a
 9   question, Tom, if you need to consult a second I
10   understand.
11              MR. HANES:  Sure.
12              MR. HARMON:  But I think I'm
13   going to be straightforward with him.
14              MR. HANES:  Sure.
15      Q.     (Mr. Harmon)  Mr. Beachem, I do
16   want to ask you specifically about some
17   occurrences that happened on June 7th of 2006 at
18   I believe the residence you just stated as your
19   current residence?
20      A.     I take the 5th.
21      Q.     And specifically on that date, I
22   wanted to ask you if you were present in your
23   residence at 2194 County Road 153, Jemison,
```

```
 1  Alabama 35085 on that date?
 2       A.    Take the 5th.
 3       Q.    Was there marijuana present in
 4  that residence on that date?
 5       A.    Take the 5th.
 6       Q.    Did you distribute marijuana to
 7  individuals within that residence on that date?
 8       A.    Take the 5th.
 9       Q.    Was there drug paraphernalia of a
10  type used to smoke marijuana in that residence
11  on that date?
12       A.    Take the 5th.
13       Q.    Were there children present in
14  that residence on that date?
15       A.    I take the 5th.
16       Q.    Was the defendant currency fifty
17  five thousand five hundred and twenty-six
18  dollars present in the residence on that date?
19       A.    I take the 5th.
20       Q.    Was the defendant currency fifty
21  five thousand five hundred and twenty six
22  dollars earned through the sale, distribution or
23  transfer of marijuana?
```

```
1      A.   Take the 5th.
2      Q.   Is there any legitimate source for
3 this defendant fifty five thousand five hundred
4 and twenty-six dollars?
5      A.   I take the 5th.
6      Q.   Before the date in question, June
7 the 7th, 2006, did you possess marijuana at the
8 residence?
9      A.   Take the 5th.
10     Q.   Before this date, June the 7th,
11 2006, did you distribute marijuana there at the
12 residence?
13     A.   I take the 5th.
14     Q.   Before this date, June 7th, 2006,
15 did you obtain money through the distribution of
16 marijuana?
17     A.   Take the 5th.
18     Q.   Okay.
19          MR. HARMON:  That's all the
20 questions I have.
21             ***************
22              10:02 AM
23        FURTHER DEPONENT SAITH NOT
```

```
 1              C E R T I F I C A T E
 2
 3    STATE OF ALABAMA  )
 4    MONTGOMERY COUNTY )
 5          I hereby certify that the above and
 6    foregoing deposition was taken down by me in
 7    stenotype, and the questions and answers thereto
 8    were transcribed by means of computer-aided
 9    transcription, and that the foregoing represents
10    a true and correct transcript of the deposition
11    given by said witness upon said hearing.
12          I further certify that I am neither of
13    counsel nor of kin to the parties to the action,
14    nor am I in anywise interested in the result of
15    said cause.
16
17                    SELAH M. DRYER, CSR
18
19
20    My Commission Expires
      June 30, 2010
21
22
23
```



ORIGINAL