```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION

UNITED STATES OF AMERICA,       :
                                :
          PLAINTIFF,             :
                                :
     v.                          :   CIVIL ACTION NO. 2:06cv997-MEF
                                :
FIFTY FIVE THOUSAND FIVE         :
HUNDRED TWENTY SIX ($55,526)     :
DOLLARS IN UNITED STATES         :
CURRENCY,                        :
                                :
          DEFENDANT.             :
```

### UNITED STATES' REPLY TO CLAIMANT HAROLD BEACHEM'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby respectfully submits the following Reply to Claimant Harold Beachem's Response to Motion for Summary Judgment:

1. Harold Beachem's response to the United States' Motion for Summary Judgment includes an affidavit, search warrant inventory, incident/offense report, permission to search form and adult rights waiver form. The United States has separately moved to strike the affidavit only. Should the court grant the United States' motion to strike there will be absolutely no issue of material fact in this case and the United States will be due summary judgment for forfeiture in its favor. However, even if the court denies the United States' motion to strike, the United States

asserts it is still due favorable summary judgment. The basis for this assertion follows.

2. The United States' evidence before the court on the issue of summary judgment is set forth in the motion to summary judgment.

It is clear that a large quantity of marijuana, drug paraphernalia, weapons, evidence of recent marijuana use and the defendant currency were found in Beachem's residence. Indeed, Beachem's own evidence (the search inventory, the affidavit and the incident report) clearly establish the presence of the above items in Beachem's residence.

Beachem's affidavit does not create an issue of material fact. Beachem does assert that he accumulated the seized currency "over a number of years". However, even though he notes several sources of income and states he lives "modestly", he no where specifically denies that the defendant cash was obtained through drug dealing. Moreover, he does not deny that the defendant currency was intended to be used to replenish his supply of drugs or deny that children were at his residence using drugs he provided.

Providing drugs to others, even without charge, is an illegal drug transaction and a felony. Possession of cash with the intent to use it to replenish one's drug supply for such free drug transfer subjects the currency to forfeiture.

The United States is due summary judgment.

Respectfully submitted this 6th day of November, 2007.

        FOR THE UNITED STATES ATTORNEY
          LEURA G. CANARY


        /s/John T. Harmon
        John T. Harmon
        Assistant United States Attorney
        Bar Number: 7068-II58J
        Office of the United States Attorney
        Middle District of Alabama
        131 Clayton Street
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        Telephone:(334) 223-7280
        Facsimile:(334) 223-7560


## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Thomas B. Hanes.**


        /s/John T. Harmon
        John T. Harmon
        Assistant United States Attorney