IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 2:06-cv-997-MEF |
| ) | |
| FIFTY FIVE THOUSAND FIVE ) | |
| HUNDRED TWENTY SIX ($55,526) ) | (WO-Recommended for Publication) |
| DOLLARS IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| DEFENDANT. ) | |

## **MEMORANDUM OPINION AND ORDER**

By this action, the United States of America seeks to forfeit and condemn $55,526 in United States currency seized on June 7, 2006 from the home of Harold Beachem ("Beachem") in Chilton County, Alabama. Beachem has filed a claim to the seized currency and denied that it is subject to forfeiture. This cause is currently before the Court on two motions filed by the United States: The United States of America's Motion for Summary Judgment (Doc. # 14) and the Motion to Strike Affidavit (Doc. # 19). Beachem opposes both motions.

In support of its motion for summary judgment, the United States argues that the $55,526 is due to be forfeited because it constitutes monies furnished in exchange for controlled substances, monies intended to be furnished in exchange for controlled substances, or proceeds of trafficking in controlled substances. The evidentiary predicate for the summary judgment motion consists of the allegations in the verified complaint and the fact

that at his August 21, 2007 deposition, Beachem declined to answer a variety of questions about the events preceding the seizure of the currency, the source of the currency, and Beachem's practices regarding distributing marijuana. Beachem's opposition to the summary judgment motion includes an affidavit in which he explains the legitimate sources from which he obtained the seized currency and the reason he kept the currency in his home. The United States contends in its motion to strike that the Court should not consider Beachem's affidavit. The United States also argues that even if the affidavit is considered, the Court should grant its motion for summary judgment. For the reasons set forth below, the Court finds that the United States' motions are due to be DENIED.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over the lawsuit pursuant to 28 U.S.C. §§ 1345 and 1355.[1] Venue is proper in this district pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 881(j) because the act or omissions giving rise to the forfeiture occurred in this district and the property is located within this district.

## MOTION TO STRIKE

The United States contends that this Court should not allow Beachem to testify on his

---

[1] Pursuant to 28 U.S.C. § 1345, "the [federal] district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . " In addition, 28 U.S.C. § 1355(a) provides that "the [federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title."

own behalf, by affidavit or otherwise, because he asserted his Fifth Amendment rights against self-incrimination in response to questions at his August 21, 2007 deposition in this case. Indeed, in support of its motion for summary judgment, the United States argued that Beachem's invocation of these rights required the Court to draw adverse inferences against Beachem. Beachem argues that at the time of his deposition he was facing pending criminal charges of possession of marijuana in another court. Since the date of his deposition, Beachman has entered a plea of guilty to felony possession of marijuana[2] and has been sentenced.

The Fifth Amendment of the United States Constitution does not forbid the drawing of adverse inferences against a claimant in a civil forfeiture action where that party refuses to testify in response to probative evidence offered against him. *See, e.g., United States v. A Single Family Residence & Real Property Located at 900 Rio Vista Blvd.*, 803 F.2d 625, 629 n.4 (11th Cir. 1986) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). Notably the Eleventh Circuit Court of Appeals, while accepting the existence of this general rule, has acknowledge an exception to the application of the general rule where a person who is both a claimant in a forfeiture case and a defendant in a criminal case is forced to choose between waiving the privilege of self-incrimination and losing his civil case on summary judgment. *See*, *e.g.*, *United States v. Two Parcels of Real Property Located in Russell County, Ala.*, 92

---

[2] As part of the plea agreement, Beachem reserved the right to appeal issues relating to what he contends was an unlawful search and seizure.

F.3d 1123, 1129 (11th Cir. 1996) (There is an exception to the general rule that the trier of fact may make an adverse inference against the parties to a civil action refusing to testify on Fifth Amendment grounds "when a claimant in a civil case is also a defendant in the criminal case and is forced between waiving the privilege and losing the case on summary judgment."); *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991). To trigger the rule, the invocation of the privilege must automatically result in an adverse judgment, not merely the loss of the party's most effective defense. 946 F.3d at 756.

When the United States required Beachem to be deposed during a time when he was facing criminal charges in another court arising out of the very same events as those from which this forfeiture case arises, it put him in the position of choosing between waiving his Fifth Amendment privilege or losing this forfeiture case on summary judgment. As is apparent from the evidence and arguments before the Court, the United States seeks both to bar Beachem from offering the only grounds for creating genuine issues of material fact and to have the Court make adverse inferences requiring summary judgment to be granted in its favor all because of Beachem's invocation of his Fifth Amendment rights. As the United States argues, granting the motion to strike here would require a ruling against Beachem on the United States' summary judgment motion. This is a situation where application of the general rule to Beachem's invocation of the privilege necessarily would result in an adverse

judgment against Beachem rather than merely stripping him of his most effective defense.[3] Accordingly, the Court will not strike Beachem's affidavit, nor will it make any adverse inference at this time from the fact that Beachem asserted his Fifth Amendment rights at his August deposition. For this reason, the Motion to Strike Affidavit (Doc. # 19) is due to be DENIED.[4]

## MOTION FOR SUMMARY JUDGMENT

**A.  Applicable Legal Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine

---

[3] Given the that there were then pending criminal charges against him, Beachem could, and perhaps should, have filed a motion for a protective order upon receiving his deposition notice.

[4] As set out in greater detail later in this Memorandum Opinion and Order, the Court will extend discovery in this matter at least as it relates to the time for the United States to depose Beachem. If Beachem again invokes his Fifth Amendment right against self-incrimination at his deposition despite the fact that the criminal charges against him are no longer pending, the Court would entertain a motion by the United States seeking reconsideration of the issues addressed by this Memorandum Opinion and Order.

issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

**B. Facts and Procedural History**

The Court has carefully considered all deposition excerpts and documents submitted

in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

In June of 2006, the Chilton County Sheriff's Department received a complaint indicating that there were minor children under the influence of marijuana at Beachem's home in Jemison, Alabama. Doc. # 1.[5] During a search of Beachem's home on June 7, 2006, law enforcement officers found that there was marijuana in the home and that there were minors there smoking marijuana. *Id.* During the search, law enforcement officers confiscated drug paraphernalia, a digital scale of the type used by drugs dealers, approximately one pound of marijuana, and $55,526 in United States currency. *Id.* Beachem told law enforcement officers that he does not sell marijuana, but he admitted that he does provide it to people wanting to smoke marijuana at his residence. *Id.* Beachem was charged with two violations of Alabama law: unlawful possession of marijuana and unlawful possession of drug paraphernalia.

---

[5] The United States relies on the Verified Complaint for Forfeiture in Rem (Doc. # 1) to establish many of the facts relevant to the motion for summary judgment. This pleading is verified in that it includes a declaration under penalty of perjury from a Task Force Agent with the United States Drug Enforcement Agency. This declaration indicates that Doug Walter ("Walter"), the Task Force Agent, has reviewed the Verified Complaint in Rem and that the information contained in it are true to his own knowledge. However, Walter then indicates that his knowledge and information and the grounds for his belief are official files and records of the United States, information supplied to him by others in law enforcement, his investigation of the case, and the investigation of the case by others. It is impossible from this form declaration to ascertain what, if any, personal knowledge Walker has about the underlying facts. For reasons that will become apparent, this issue is not dispositive in this case, but the United States should consider itself put on notice of the Court's concern about this form for future forfeiture cases.

Beachem, who is currently fifty-three years old, began to work as a child. For an unspecified period prior to his sixteenth birthday, he sold food at a baseball field in Birmingham. He dropped out of school at age sixteen and began working as a delivery driver for Birmingham Delivery and Sales. After working in this job for approximately twenty years, he changed employment and became a delivery driver for AmeriSource in 1992. After about eight years with that company, his status was changed from employee to independent contractor. He cashed out his 401-k account and received approximately $15,000 or $16,000. Currently, Beachem's weekly paycheck after taxes is more than $500.

Beachem lives modestly. He resides on an acre parcel of property which is paid for. His home is a double wide mobile home. His monthly expenses associated with his home, utilities and living expenses are approximately $300. He has no consumer debt. He owns three vehicles that are fifteen years old or older. Beachem is a widower. He has a thirteen year old child who resides with him. This is his sole financial dependent. He owes no child support or alimony.

Beachem makes what he characterizes as low stake wagers on poker or betting at the local horse track. He also occasionally loans small sums of money to friends. He receives payment for providing this service.

Beachem does not maintain accounts with banks or other financial institutions. His practice is to keep his money either on his person or in his home. The currency seized from his home was located in a bedroom. Most of the money, $55,150, was in a locked box which

Beachem used because he thought it was a safe and convenient way to store his money. It is Beachem's testimony that the $55,526 in United States currency which is the defendant property in this action is in fact money he accumulated over a lifetime from legitimate earnings and savings.

On November 2, 2006, the United States filed a Verified Complaint for Forfeiture in Rem. (Doc. # 1) The United States claims that the $55,526 in United States currency seized from Beachem is money connected to violations of Title II of the Controlled Substance Act, 21 U.S.C. § 881(a)(6). Beachem filed an Answer (Doc. # 5) and Claim of Interest (Doc. # 6). The United States filed a motion seeking summary judgment.

**C. Discussion**

The provision of the forfeiture statute that the United States invokes in this case provides, in pertinent part, that the defendant currency is subject to forfeiture if it constitutes money

> furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). The "violation of this subchapter" alleged by the United States is "Title II of the Controlled Substances Act, Title 21, United States Code, Sections 801 et seq." (Doc. # 1 at ¶ 1). Marijuana is a controlled substance for these purposes. The term "facilitate" means making the illegal activity easy or less difficult." *United States v.*

*Approximately 50 Acres of Real Property Located at 42450 Highway 441, North Fort Drum, Okeechobee County, Florida*, 920 F.2d 900, 902 (11th Cir. 1991) (citation omitted).

Given the current procedural posture of this case, the Court must view the evidence before it in the light most favorable to Beachem and must draw all reasonable inferences in his favor. If genuine issues exist as to material facts, the Court may not grant summary judgment. In this case, the Court concludes that the United States has not demonstrated that summary judgment is appropriate. Accordingly, the United States of America's Motion for Summary Judgment (Doc. # 14) is due to be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion to Strike Affidavit (Doc. # 19) is DENIED.

2. The United States of America's Motion for Summary Judgment (Doc. # 14) is DENIED.

3. The United States of America is authorized to take the deposition of Harold Beachem. To the extent that this deposition cannot be completed prior to the December 21, 2007 deadline for the completion of discovery set forth in Section 7 of the Uniform Scheduling Order (Doc. # 12), the deposition of Harold Beachem may be scheduled after December 21, 2007, but no later than **January 7, 2008**. To the extent that the United States requires additional third-party discovery after deposing Harold Beachem, that discovery shall be completed by no later than **January 25, 2008**.

4. If Harold Beachem invokes the protection of the Fifth Amendment in response to any question at his deposition, the parties are advised that the Court will allow the United States to file a motion asking this Court to reconsider its ruling on the motions resolved by this Memorandum Opinion and Order.

DONE this the 11th day of December, 2007.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE