IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv997-MEF |
| | ) | |
| FIFTY FIVE THOUSAND FIVE | ) | (WO - Do Not Publish) |
| HUNDRED TWENTY SIX ($55,526) | ) | |
| DOLLARS IN UNITED STATES | ) | |
| CURRENCY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on January 4, 2008, wherein the following

proceedings were held and actions taken:

1.    **PARTIES AND TRIAL COUNSEL**:

For the Plaintiff: John T. Harmon

For Claimant Harold Beachem: Thomas B. Hanes

**COUNSEL APPEARING AT PRETRIAL HEARING**:

(same as trial counsel).

2.    **JURISDICTION AND VENUE**:

Jurisdiction is predicated on Title 28, United States Code, Section 1345 and

Section 1355.  Venue is proper as the Defendant property is physically located within the

Middle District of Alabama.

3.    **PLEADINGS**: The following pleadings and amendments were allowed:

        a.       Verified Complaint for Forfeiture <u>In</u> <u>Rem</u>;

        b.       Order for Warrant and Summons for Arrest <u>In</u> <u>Rem</u>;

        c.       Claim of Harold Beachem;

        d.       Answer of Harold Beachem.

**4.**      **<u>CONTENTIONS OF THE PARTIES</u>**:

**a. <u>The United States of America</u>**

On June 7, 2006, the Chilton County Sheriff's Department received a complaint of minor children being under the influence of marijuana at Harold Beachem's residence. The Beachem residence is located at 2194 County Road 153, Jemison, Alabama.

Officers went to the Beachem residence on June 7, 2006, and knocked on the door. Beachem answered the door and, at that time, officers smelled a strong odor of burning marijuana. Officers asked if any children were in the residence. Beachem advised that children were in the residence and the children were smoking marijuana. At that time, the officer asked Beachem to sign a "consent to search" form to search the residence. Beachem agreed and signed the consent.

During the search, approximately one pound of marijuana and $55,526 in United States currency were located and seized. Also seized was a set of scales known to be of the type used by drug dealers to weigh illegal drugs for sale.

Officers advised Beachem of his rights. Beachem waived his rights and stated that several people were inside his residence smoking marijuana when officers arrived. Beachem

further stated that he does not sell marijuana but does provide it to people wanting to smoke marijuana at his residence.

### b. Claimant Harold Beachem

On June 7, 2007, four deputies from the Chilton County Sheriff's Department appeared on the front porch of Beachem's personal residence without a warrant.

Some of the deputies then entered Beachem's residence without either consent, a warrant, or exigent circumstances. After a search of the premises commenced, a consent to search was produced which Beachem then signed.

Beachem denies the government's contentions that a complaint was received about him, that the officers smelled marijuana, that he told the officers that children were present smoking marijuana, or that he knowingly, voluntarily, or intelligently either made statements or gave a consent to search his residence. All persons present at his residence were later read their Miranda rights, signed an acknowledgment of rights, and gave a statement. This was not done for Beachem.

United States currency was present. It is Beachem's contention that this was not derived from drug transactions nor was it intended to be used in such transactions. The scales were of the type found in a pharmacy for consumers and had nothing to do with drug sales.

This was a home invasion of Beachem's residence without benefit of the protections afforded him under the Search and Seizure Clause and the fruits of the search are due to be suppressed.

Beachem admits that he pled guilty to possession of marijuana, but denies that it was related to the currency in the residence. The contraband was for his own personal consumption.

5.    **STIPULATIONS BY AND BETWEEN THE PARTIES**:

(a)    Claimant Beachem pleaded guilty to felony marijuana charges in state court related to the marijuana seized from his residence on June 7, 2006.

(b)    The scientific analysis done by the State of Alabama on the substances seized in Claimant Beachem's residence on June 7, 2006, is correct both as to the quantity and the identification of the substance seized. Admission of the reports at trial is stipulated to by both parties.

(c)    The residence from which the marijuana was seized on June 7, 2006, belonged to Claimant Beachem. No warrant was obtained.

It is ORDERED that:

(1)    The non-jury trial of this cause, which is to last one to two (1 to 2) days, is set for February 4, 2008, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2)    A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3)    The government is required to file proposed findings of fact and conclusions of law by January 28, 2008.  The claimant is required to file proposed findings of fact and conclusions of law by January 28, 2008.  The parties are also directed to e:mail their proposed findings of fact and conclusions of law to *propord_fuller@almd.uscourts.gov* in WordPerfect format by the dates specified above.

(4)    The parties in this case are required to file trial briefs by January 28, 2008.

(5)   Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6)    All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #12) entered by the court on June 6, 2007;

(7)    All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

        DONE this 14th day of January, 2008.


                            /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE